AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )  Case No. |
| The Person of JEREMY K. BAOUCHE; and | ) |
| the Premises of ▮▮▮▮▮▮▮▮▮▮▮▮ | ) |
| New London, Connecticut 06320 | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Connecticut_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____November 23, 2021_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Robert M. Spector_____ .
                                                                                                    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   __11/09/2021, at 3:25pm__

City and state:   New Haven, Connecticut

Robert M. Spector
*Digitally signed by Robert M. Spector*
*Date: 2021.11.09 15:25:34 -05'00'*
*Judge's signature*

Hon. Robert M. Spector, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A-1

*Property to be searched*

The person of JEREMY K. BAOUCHE, provided that BAOUCHE is located within the District of Connecticut at the time of the search.  BAOUCHE is described as a white male, date of birth ████████ 1997.

The property to be searched is legally described as:  a two-family residence with a physical address ████████████████ New London, New London County, Connecticut 06320 (the "PREMISES"). The PREMISES is owned by M███ F███ according to a query of the New London, Connecticut GIS property records. The PREMISES is further described as an .11 acre homesite with two stories, four bedrooms and two baths, tan vinyl siding and a front stoop. The residence is accessed through a single front door in front of the residence facing ████████ The first floor is 1,223 square feet, the second floor is 1,223 square feet and the unfinished basement is 1,223 square feet. On August 26, 2021 the United Postal Service, (USPS) also confirmed that, Jeremy K, Baouche and R████ K████, (Girlfriend) receive mail at ████████ ████████ New London, Connecticut. Warrant authorizes the search of all structures at the PREMISES, for the purpose of identifying information in Attachment B.

Images of the New London Connecticut property map and photographs of dwelling and buildings are pictured below.

Additionally, because a cellular telephone can be found or hidden on individual persons, this warrant also authorizes the search of JERMEY K. BAOUCHE.

1











| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| **Code** | **Description** | **Gross Area** | **Living Area** |
| BAS | First Floor | 1,223 | 1,223 |
| FUS | Upper Story, Finished | 1,223 | 1,223 |
| FOP | Porch, Open, Finished | 24 | 0 |
| UBM | Basement, Unfinished | 1,223 | 0 |
| WDK | Deck, Wood | 64 | 0 |
| | | 3,757 | 2,446 |

## ATTACHMENT B

*Property to be seized*

1.  The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C § 1752(a)(1) and (2) (unlawful entry on restricted buildings or grounds); and Title 40 U.S.C. Section 5104(e)(2) (violent entry, disorderly conduct, and other offenses on capitol grounds) (the "Target Offenses") that have been committed by JEREMY K. BAOUCHE ("the Subject") and other identified and unidentified persons, as described in the search warrant affidavit; including, but not limited to:

    a.  Evidence concerning planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

    b.  Evidence concerning unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

    c.  Evidence concerning awareness of the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

    d.  Evidence concerning efforts to disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

    e.  Evidence relating to a conspiracy to illegally enter and/or occupy the U.S. Capitol Building on or about January 6, 2021;

    f.  Evidence concerning the breach and unlawful entry of the United States Capitol, and any conspiracy or plan to do so, on January 6, 2021;

1

g.  Evidence concerning the riot and/or civil disorder at the United States Capitol on January 6, 2021;

h.  Evidence concerning the assaults of federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties at the United States Capitol on January 6, 2021;

i.  Evidence concerning damage to, or theft of, property at the United States Capitol on January 6, 2021;

j.  Evidence of any conspiracy, planning, or preparation to commit those offenses;

k.  Evidence concerning efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

l.  Evidence concerning materials, devices, or tools that were used to unlawfully enter the U.S. Capitol by deceit or by force, including weapons and elements used to breach the building or to counter efforts by law-enforcement, such as pepper spray or smoke grenades;

m.  Evidence of communication devices, including closed circuit radios or walkie-talkies, that could have been used by co-conspirators to communicate during the unlawful entry into the U.S. Capitol;

n.  Evidence of the state of mind of the subject and/or other co-conspirators, e.g., intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

o.  Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

2. Records and information that constitute evidence of identity, including but not limited to:

a.  clothing worn by the subject, to include a tan bomber jacker, blue jeans with cuffed pant legs, yellow t-shirt, tan boots, tinted glasses with black frames;

b.  clothing and other articles that reflect evidence of having participated in the unlawful activity at the U.S. Capitol, including evidence of pepper spray or other non-lethal crowd control remnants;

c.  Other paraphernalia used by or associated with the Subject to include, red and white Pyle mega phone;

3. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to:

a.  Any records and/or evidence revealing the Subject's presence at the January 6, 2021, riot;

b.  Any physical records, such as receipts for travel, which may serve to prove evidence of travel of to or from Washington D.C. from December of 2020 through January of 2021;

c.  The Subject's (and other's) motive and intent for traveling to the U.S. Capitol on or about January 6, 2021; and

3

    d.      The Subject's (and others's) activities in and around Washington, D.C., specifically the U.S. Capitol, on or about January 6, 2021.

4.  For the   cellular telephone, XXX-XXX-3633, which   is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)," for the time period from November 3, 2020, through January 7, 2021:

    a.      evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

    b.      evidence of software, or the lack thereof, that would allow others to control the Device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c.      evidence of the attachment to the Device of other storage devices or similar containers for electronic evidence;

    d.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device;

    e.      evidence of the times the Device was used;

    f.      passwords, encryption keys, and other access devices that may be necessary to access the Device;

g.      documentation and manuals that may be necessary to access the Device or to conduct a forensic examination of the Device;

h.      records of or information about Internet Protocol addresses used by the Device;

i.      records of or information about the Device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

j.      Evidence of photos, videos, and other media documenting the planning, implementation, and participation in his activities in and around the Subject's activities on January 6, 2021.

k.      Evidence of contacts with whom the Subject associated with in and around his activities on January 6, 2021.

5.   During the execution of the search of the PREMISES described in Attachment A-1, law enforcement personnel are also specifically authorized to obtain from JEREMY K. BAOUCHE the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock  the Device requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device, to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

a.      the Device found at the PREMISES,

b.    where the Device is limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device's security features in order to search the contents as authorized by this warrant.

While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device.  Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information.  However, the voluntary disclosure of such information by the aforementioned person(s) is permitted.  To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device, or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device, the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.